IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No. 08-cv-01341-ZLW

STANFORD E. ANDRESS,

    Plaintiff,

v.

JOHN DOE #1,
MARY ROE #1,
THE OCCUPANT OF 11684 NORWOOD AVE.,
RIVERSIDE TITLE & GUARANTY CO., Riverside, California,
CONNIE PETERSON, Judge, 6th Colorado Dist. Ct., and
FT. LAUDERDALE PROBATE COURT, FLORIDA,

    Defendants.

## ORDER OF DISMISSAL

    This matter comes before the Court on Plaintiff's responses (Doc Nos. 4, 5, and 6) to the Court's July 3, 2008, Order To Show Cause. Plaintiff's *pro se* Complaint appears to contest the possession or ownership of a house located in Riverside, California. The Court's Order To Show Cause required Plaintiff to show cause as to why this action should not be dismissed due to lack of federal subject matter jurisdiction. As the Court stated in the Order To Show Cause, jurisdictional issues must be addressed at the beginning of every case and, if jurisdiction is found to be lacking, the

case or claim comes to an immediate end.[1]  It is Plaintiff's burden to establish this Court's subject matter jurisdiction over his claims.[2]

The three documents that Plaintiff filed in response to the Order To Show Cause indicate that Plaintiff is premising federal subject matter jurisdiction on the Homestead Act of 1862, 43 U.S.C. §§ 161-64 (Homestead Act).  However, the Homestead Act was repealed in 1976, and "when the jurisdiction of a cause depends upon a statute the repeal of the statute takes away jurisdiction."[3]  Thus, the Homestead Act cannot provide the basis for federal subject matter jurisdiction in this case.  Accordingly, it is

ORDERED that the Complaint and cause of action are dismissed without prejudice for lack of federal subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

DATED at Denver, Colorado, this   30th   day of July, 2008.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

---

[1] *In re* Franklin Savings Corp., 385 F.3d 1279, 1286 (10th Cir. 2004); Fed. R. Civ. P. 12(h)(3).

[2] Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998).

[3] See Beardsley v. Chicago & North Western Transportation Co., 850 F.2d 1255, 1264 (8th Cir. 1988) ((quoting Merchants' Ins. Co. v. Ritchie, 72 U.S. 541, 544-45 (1866)).